IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JOHN STAPLETON
d/b/a STAPLETON TOWING                                               PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 2:07CV193-P-A

COAHOMA COUNTY, MISSISSIPPI; AND
SHERIFF ANDREW THOMPSON, JR., IN
HIS INDIVIDUAL AND OFFICIAL CAPACITY                                 DEFENDANTS

**ORDER**

This cause is before the Court on the defendants' Motion for Summary Judgment [9]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

John Stapleton filed this case in the County Court of Coahoma County, Mississippi on June 6, 2007 seeking damages and injunctive relief for alleged violations of state law and his rights of free speech, equal protection and due process under 42 U.S.C. § 1983 based on the defendants' purported interference with his towing business. The defendants removed the case to this Court and filed an answer denying any and all liability. They subsequently filed a motion for summary judgment as to all claims.[1] The matter has been fully briefed and is ripe for decision.[2]

---

[1] Plaintiff concedes defendants' entitlement to summary judgment as to his intentional tort and MTCA claims.

[2] Sheriff Thompson seeks summary judgment on grounds of qualified immunity. The doctrine of qualified immunity protects state officials from damages liability so long as the official's conduct could have reasonably been considered consistent with the rights they are alleged to have violated. Mendenhall v. Riser, 213 F.3d 226 (5th Cir. 2000). It shields "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S.

Sheriff Thompson relies upon the MDPS Wrecker Service Rotation List for his towing list. Stapleton is not on the MDPS list and was not on the list on either June 14, 2003 or June 6, 2006. As a convicted felon, he is not qualified to be on the Wrecker Services Rotation List of the Mississippi Department of Public Safety, Batesville District. Stapleton complains that on both June 14, 2003 and June 6, 2006, deputies of the Coahoma County Sheriff's Department refused to allow him to tow vehicles because he was not on Sheriff Thompson's towing list.[3]

Stapleton does not contest the fact that he was not on the list of approved towing services on either of the dates in question; moreover, he positively states that he has no wish to be included on the list. Instead, his claim is premised on the argument that he has a "right" to conduct consensual tows under Mississippi law and that Sheriff Thompson's policy unduly hampers his ability to do so.

Plaintiff's substantive due process claims stemming from an alleged interference with his property and liberty interests must fail. Stapleton cannot establish the necessary "legitimate claim of entitlement" necessary to demonstrate a cognizable property right in conducting consensual tows. Board of Regents v. Roth, 408 U.S. 546, 92 S. Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Instead, the provision of Mississippi law he cites merely accord him the privilege of conducting such a business. Moreover, Mississippi Code Annotated § 63-3-905(1) (regarding vehicles on the public right of

---

335, 341, 106 S. Ct. 1092 (1986). In order to abrogate qualified immunity and subject Sheriff Thompson to potential damages liability, this Court must first conclude that: 1) his defendants' actions violated Stepleton's clearly established constitutional rights; and 2) that he either knew or reasonably should have known his conduct violated Stapleton's constitutional rights. The body of the order focuses only on the first issue because it is determinative of the outcome under the facts of this case.

[3] Stapleton claims only business injury.

way) does not support his position either; that statutory provision accords a responding officer a choice between removing the vehicle (by contacting a wrecker in accordance with country policy) or ordering the owner or operator to do so. Likewise, Stapleton cannot establish a deprivation of a liberty right because he can identify no statutory authority which creates a liberty interest in his business reputation; careful review of the record reveals no issue of stigma to plaintiff's business reputation as a result of the towing policy. Thinkstream, Inc. v. Adams, 2006 WL 2583319 (5th Cir. 2007).

Stapleton relies on a less traditional "class of one" analysis for purposes of his equal protection claim. Village of Willowbrook v. Olech, 528 U.S. 562, 145 L.Ed.2d 1060, 120 S. Ct. 1073 (2000). In order to withstand summary judgment, he must adduce evidence from which a reasonable trier of fact could conclude that he "has been treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. at 564. He has failed to do so.[4]

Finally, plaintiff cannot prevail on his free speech claim under § 1983. His Complaint alleges that the defendants' towing policy has a chilling effect on the advertisement of his business. However, commercial speech receives First Amendment protection only insofar as it concerns a lawful activity and is not misleading. Posadas de Puerto Rico Assoc. v. Tourism Co., 478 U.S. 328, 340, 92 L.Ed.2d 266, 106 S. Ct. 2968, (1986). Stapleton has neither alleged nor submitted any proof that the defendants have prohibited or deterred him from advertising his business in a truthful manner. That he will not be called upon by the Coahoma County Sheriff's Department to tow a

---

[4] The affidavit of Artis Ferguson, on which plaintiff purports to rely, contains insufficient facts from which this Court can adjudge the similarity of circumstances.

vehicle from a public right-of-way until such time as he is qualified for the MDPS list is not relevant to his advertising for private calls by private persons.

Stapleton's inability to make out a triable issue of fact on any of his constitutional claims against Sheriff Thompson individually vitiates any claim he might have against Coahoma County.[5] It also renders his request for injunctive relief moot. Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendants' Motion for Summary Judgment [9] is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that this cause is hereby DISMISSED WITH PREJUDICE, each party to bear its own costs.

SO ORDERED, this the 17th day of May, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[5] The Complaint named Sheriff Thompson in both his individual and official capacities. However, the official capacity claim is tantamount to a claim against Coahoma County, already named as a defendant. Roberts v. City of Shreveport, 397 F.3d 287, 291 (5th Cir. 2005). As such, it is duplicative in nature.